**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

IN RE FRANCES JO; MEHNER and
KARL ERICH; MEHNER,

       Plaintiffs,                                 Civ. No. 06-0464 JCH/WPL

vs.

MELINDA BAISA, AND AS AGENT
FOR PREMIER GMAC REAL ESTATE
and JOHN DOES,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Notice of Default on Request for Restoration of Real Property to Owner, filed June 26, 2006 **[Doc. No. 3]** ("Notice of Default"). The Court, raising the matter of subject matter jurisdiction *sua sponte*, finds that the Court does not have subject matter jurisdiction over the case.

**BACKGROUND**

Plaintiffs filed their Request for Restoration of Real Property to Owner ("complaint") on June 2, 2006. The record indicates that Plaintiffs served Defendant with a copy of the complaint and a certificate of service by mail. The record does not indicate that Plaintiffs personally served Defendant. To date, Defendant has not responded to the complaint or otherwise entered an appearance in this case.

On June 26, 2006, Plaintiffs filed their Notice of Default. Thereafter, the Court set a hearing on Plaintiffs' Notice of Default for August 29, 2006, at 1:30 p.m., and the Court sent each Plaintiff a notice of the hearing time, date, and place. Plaintiffs, however, refused to accept the notices,

returning the notices to the Court with the following words stamped thereon: "Timely Refused for Cause Without Dishonor and, Without Recourse to Me." Plaintiffs did not appear at the August 29, 2006, hearing scheduled on their Notice of Default.

## DISCUSSION

"'[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding.'" *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (quotation omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (holding that a federal court must always satisfy itself first that it does in fact have subject matter jurisdiction before proceeding in any case). The "'burden of proving jurisdiction is on the party asserting it.'" *Narvaez*, 149 F.3d at 1271 (quotation omitted); *see also Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003) (the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence).

There are two statutory bases for federal court subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. Section 1331 and diversity jurisdiction under 28 U.S.C. Section 1332. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (citations omitted). Plaintiffs have not established that either of these statutory grounds supports the Court's subject matter jurisdiction here. *Karnes*, 335 F.3d at 1193; *Narvaez*, 149 F.3d at 1271.

The complaint does not indicate on its face that the Court has federal question jurisdiction over the case, *i.e.*, that the case arises under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Plaintiffs' complaint appears to allege violations of various amendments to the United States Constitution, including the Fourth, Fifth, and Tenth Amendments, Plaintiffs'

Case 1:06-cv-00464-JCH-WPL   Document 6   Filed 08/29/06   Page 3 of 5


complaint does not indicate on its face that Defendant acted "under color of state law."

The procedural mechanism for pursuing Plaintiffs' constitutional claims arises under 42 U.S.C. Section 1983. *See Wilson v. Meeks*, 52 F.3d 1547, 1552 (10th Cir. 1995). Section 1983 provides in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [every plaintiff] must establish that [he or she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

The Tenth Circuit has explained that "Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting under color of state law," and "[t]herefore, [that] the only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (citations and internal quotations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *David v. City & County of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1996) (citations and internal quotations omitted); *see also*

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents"); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (private individuals and entities may be deemed state actors if they have "obtained significant aid from state officials" or if their "conduct is . . . chargeable to the state").

"[I]t is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.'" *Jojola*, 55 F.3d at 494; *see also Narvaez*, 149 F.3d at 1271 (quotation omitted) (the "burden of proving jurisdiction is on the party asserting it"). Plaintiffs have not satisfied their burden of pleading facts sufficient to indicate that Defendant acted "under color of state law." *Id.*; *Jojola*, 55 F.3d at 494. Specifically, Plaintiffs have not alleged facts sufficient to indicate that Defendant represented the state in some capacity, *Jojola*, 55 F.3d at 492, that Defendant exercised power possessed by virtue of state law and made possible because Defendant was clothed with the authority of state law," *David*, 101 F.3d at 1353, that Defendant was a willful participant in joint activity with the state, *Adickes*, 398 U.S. at 152, or that Defendant obtained significant aid from state officials, *Lugar*, 457 U.S. at 937. Accordingly, Plaintiffs have not satisfied their burden of demonstrating by a preponderance of evidence that the Court has federal question jurisdiction over this case.

Although Plaintiffs' complaint also alleges that the Court has diversity jurisdiction over the case, Plaintiffs have failed to allege facts sufficient to indicate that such jurisdiction exists. First, the face of the complaint does not indicate that the parties' citizenship is diverse. To the contrary, the

case caption lists both Plaintiffs' and Defendant's addresses in Albuquerque, New Mexico. Moreover, Plaintiffs have not alleged facts sufficient to indicate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a) ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs").  Accordingly, Plaintiffs have not satisfied their burden of demonstrating by a preponderance of evidence that the court has diversity jurisdiction over this case.

## CONCLUSION

Because the Plaintiffs have not established by a preponderance of the evidence that the Court has subject matter jurisdiction over this case, **IT THEREFORE IS ORDERED** that Plaintiffs' complaint is dismissed in its entirety.

Dated this 29th day of August 2006.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE